UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

LAURA K. MAIS, and
MARK S. MAIS

    Plaintiffs,

v.

NATIONAL ENTERPRISE SYSTEMS, INC,

    Defendant.

_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA"), and the Telephone Consumer Protection Act, 47 U.S.C §227, *et seq.* ("TCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337, 1367 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiffs reside here and Defendant placed telephone calls into this District.

## PARTIES

3. Plaintiff, LAURA K. MAIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

4. Plaintiff, MARK S. MAIS, is a natural person, and citizen of the State of Florida, residing in Broward County, Florida.

5. At all times material to this complaint, the MAIS' were married to each other.

6. Defendant, NATIONAL ENTERPRISE SYSTEMS, INC., is a professional corporation and citizen of the State of Ohio with its principal place of business at 29125 Solon Road, Solon, Ohio 44139.

7. Defendant regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

8. Defendant regularly collects or attempts to collect debts for other parties.

9. Defendant is a "debt collector" as defined in the FDCPA.

10. Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Defendant sought to collect from Plaintiff an alleged debt arising from transactions incurred for personal, family or household purposes.

12.     Defendant left the following messages on Mr. Mais' voice mail on his cellular telephone on or about the dates stated:

<u>May 5, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Sam Shaw calling. It's very important that you return my call to 1-800-925-6140. Again, this is Sam Shaw and the number is 1-800-925-6140.

<u>May 8, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 12, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 15, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 18, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 19, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 21, 2009, 9:48 AM – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 21, 2009, 11:24 AM – Message on Mr. Mais' Cellular Phone</u>
Hello. This message is for Laura Mais. This is Sarah Glenn with the offices of NES. It's very important that you give me a call back at 800-261-3453. My direct extension is 1511. This is Sarah. Please return a call to 1511.

<u>May 22, 2009, 9:21 AM – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 22, 2009, 2:59 PM – Message on Mr. Mais' Cellular Phone</u>
Yes. Message is for Laura Mais. My name is Audrey Rice. I received paperwork in my office. The number you can reach is 800-973-0600. My direct extension is 1197. Laura this is in reference to file number 857462. I'm going to be here until 4 o'clock, 5 this evening. It's urgent that you contact me before I leave. Once again, for Laura my name is Audrey Rice. Number is 800-973-0600. You can disregard the greeting and press in my direct extension to my office as 1197. Good luck.

<u>May 22, 2009, 7:40 PM – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Sam Shaw calling. It's very important that you return my call to 1-800-925-6140. Again, this is Sam Shaw and the number is 1-800-925-6140.

<u>May 26, 2009, 3:11 PM – Message on Mr. Mais' Cellular Phone</u>
This call is intended for Laura. This is Terry Hart with the office of National Enterprise Systems. I do need for you to return this call. My toll free number is 800-261-3453 at extension 1115.

<u>May 26, 2009, 8:39 PM – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>
Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

<u>May 27, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone</u>

>Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.
>
>May 29, 2009 – Pre-Recorded Message on Mr. Mais' Cellular Phone
>Hello. This is Dan Scott calling. I have an important personal business matter to discuss with you. For resolution, call today at 1-800-925-6140. Again, this is Dan Scott and the number is 1-800-925-6140.

13. Defendant left similar or identical messages on other occasions. (Collectively, "the telephone messages").

14. The messages are "communications" as defined by 15 U.S.C. §1692a(2). See *Berg v. Merchs. Ass'n Collection Div.*, Case No. 08-60660-Civ-Dimitrouleas/Rosenbaum, 2008 U.S. Dist. LEXIS 94023 (S.D. Fla. Oct. 31, 2008).

15. Defendant failed to inform Plaintiffs in the messages that the communication was from a debt collector and failed to disclose the purpose of Defendant's messages and failed to disclose Defendant's name.

16. Defendant used an automatic telephone dialing system or a pre-recorded or artificial voice to place telephone calls to Mr. Mais' cellular telephone.

17. Plaintiff did not expressly consent to Defendant's placement of telephone calls to Mr. Mais' cellular telephone by the use of an automatic telephone dialing system or a pre-recorded or artificial voice prior to Defendant's placement of the calls.

18. None of Defendant's telephone calls placed to Plaintiffs were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

19. Defendant willfully or knowingly violated the TCPA.

## COUNT I
## FAILURE TO DISCLOSE STATUS AS DEBT COLLECTOR

20. Plaintiffs incorporate Paragraphs 1 through 19.

21. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. §1692e(11). See *Foti v. NCO Fin. Sys*., 424 F. Supp. 2d 643, 646 (D.N.Y. 2006) and *Belin v. Litton Loan Servicing*, 2006 U.S. Dist. LEXIS 47953 (M. D. Fla. 2006) and Leyse v. Corporate Collection Servs., 2006 U.S. Dist. LEXIS 67719 (D.N.Y. 2006).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY

22. Plaintiffs incorporate Paragraphs 1 through 19.

23. Defendant placed telephone calls to Plaintiffs without making meaningful disclosure of its identity when it failed to disclose its name, that it is a debt collector, and the purpose of Defendant's communication in the telephone messages in violation of 15 U.S.C §1692d(6). See *Valencia v The Affiliated Group,*

*Inc.*, Case No. 07-61381-Civ-Marra/Johnson, 2008 U. S. Dist. LEXIS 73008, (S.D.Fla., September 23, 2008); *Wright v. Credit Bureau of Georgia, Inc.,* 548 F. Supp. 591, 593 (D. Ga. 1982); and *Hosseinzadeh v. M.R.S. Assocs.,* 387 F. Supp. 2d 1104 (D. Cal. 2005).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT III
## TELEPHONIC HARASSMENT AND ABUSE BY EXCESSIVE CALLING

24.    Plaintiffs incorporate Paragraphs 1 through 19.

25.    Defendant caused Plaintiffs telephone to ring repeatedly or continuously with the intent to annoy, abuse or harass in violation of 15 U.S.C §1692d(5). See *Sanchez v. Client Servs.*, 520 F. Supp. 2d 1149, 1160-1161 (N.D. Cal. 2007).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit; and

    c.    Such other or further relief as the Court deems proper.

## COUNT IV
## TELEPHONIC HARASSMENT AND ABUSE FOR UNAUTHORIZED CALLS TO A CELLULAR TELEPHONE

26. Plaintiffs incorporate Paragraphs 1 through 19.

27. Defendant engaged in conduct the natural consequence of which is to harass, oppress, or abuse by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Plaintiff's husband's cellular telephone to which Plaintiffs had not consented, in violation of 15 U.S.C §1692d.

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a. Damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT V
## ILLEGAL COLLECTION TECHNIQUES IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

28. Plaintiffs incorporate Paragraphs 1 through 19.

29. Defendant asserted the right to collect a debt by leaving telephone messages for Plaintiff without disclosing that it is a debt collector and the purpose of its communications and its name when Defendant knew it did not have a legal right to use such collection techniques in violation of Fla. Stat. §559.72(9).

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VI
## HARASSMENT IN VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

30.    Plaintiffs incorporate Paragraphs 1 through 19.

31.    By failing to disclose that it is a debt collector, by using an automatic telephone dialing system or pre-recorded or artificial voice in placing telephone calls to Mr. Mais' cellular telephone to which he had not consented, and by telephoning Plaintiff with such frequency as can be reasonably be expected to harass, Defendant willfully engaged in conduct the natural consequence of which is to harass in violation of Fla. Stat. §559.72(7).

32.    The FCCPA provides for equitable relief including injunctive relief. *Berg v. Merchs. Ass'n Collection Div.*, 586 F. Supp. 2d 1336, 1345, (S.D. Fla. 2008).

9

WHEREFORE, Plaintiffs request that the Court enter judgment in favor of Plaintiffs and against Defendant for:

    a.    Damages;

    b.    Attorney's fees, litigation expenses and costs of suit;

    c.    declaring that Defendant's practices violate the FCCPA;

    d.    permanently injoining Defendant from engaging in the complained of practices; and

    e.    Such other or further relief as the Court deems proper.

## COUNT VII
## VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT

33.    Plaintiffs incorporate Paragraphs 1 through 19.

34.    Defendant placed non-emergency telephone calls to Mr. Mais' cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without his prior express consent in violation of 47 U.S.C § 227(b)(1)(A)(iii).

WHEREFORE, Plaintiff, Mr. Mais, requests that the Court enter judgment in his favor and against Defendant for:

    a.    Damages;

    b.    a declaration that Defendant's calls violate the TCPA;

    c.    a permanent injunction prohibiting Defendant from placing non-emergency calls to Mr. Mais' cellular telephone using an

   automatic telephone dialing system or pre-recorded or artificial voice

   without the prior express consent of the called party; and

  d. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands trial by jury.

      DONALD A. YARBROUGH, ESQ.
      Attorney for Plaintiff
      Post Office Box 11842
      Ft. Lauderdale, FL 33339
      Telephone: 954-537-2000
      Facsimile: 954-566-2235
      donyarbrough@mindspring.com


By: s/ Donald A. Yarbrough
  Donald A. Yarbrough, Esq.
  Florida Bar No. 0158658